[36 NYS3d 395]

In the Matter of RICHARD I. GOLDMAN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 10, 2016

**APPEARANCES OF COUNSEL**

*Mitchell T. Borkowsky*, Hauppauge (*Carolyn Mazzu Genovesi* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

By judgment of the Supreme Judicial Court for Suffolk County, Commonwealth of Massachusetts, entered September 3, 2015, the respondent was disbarred and his name was stricken from the roll of attorneys in that state, based upon his affidavit of resignation. In his affidavit of resignation, the respondent acknowledged, inter alia, as follows:

> "I am aware that there is currently pending an investigation into allegations that I engaged in misconduct, including allegations that, in connection with a conveyancing account I used primarily for the deposit of funding proceeds and the payment of disbursements required to complete each real estate transaction, in 2013 I misused client funds by writing checks payable to myself or to cash, unrelated to any real estate transaction, with temporary deprivation resulting, in violation of Mass R. Prof. C. 1.15 (b) and (c) and 8.4 (c) and (h)."

The Grievance Committee for the Tenth Judicial District personally served the respondent with a notice pursuant to 22 NYCRR 691.3 informing him of his right, within 20 days, to file a verified statement setting forth any of the defenses to the imposition of reciprocal discipline enumerated in 22 NYCRR 691.3 (c). Although duly served by the Grievance Committee on April 1, 2016, the respondent has not filed a verified statement, nor has he requested additional time in which to do so. Since he has neither asserted any defenses nor demanded a hearing, there is no impediment to the imposition of reciprocal discipline.

In view of the discipline imposed by the Supreme Judicial Court for Suffolk County, Commonwealth of Massachusetts, we find that reciprocal discipline is warranted. Accordingly, the Grievance Committee's application to impose reciprocal discipline is granted and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law in New York.

ENG, P.J., MASTRO, RIVERA, DILLON and HINDS-RADIX, JJ., concur.

Ordered that the petitioner's application to impose reciprocal discipline pursuant to 22 NYCRR 691.3 is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Richard I. Goldman, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Richard I. Goldman, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Richard I. Goldman, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Richard I. Goldman, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).